**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ferman Lopez Echeverria,

Petitioner,

v.

Kristopher Kline, et al.,

Respondents.

No. CV-26-03331-PHX-MJM (JZB)

**ORDER**

Petitioner filed this action challenging his immigration detention. (Doc. 1.) In June 2007, Petitioner entered the United States without inspection. (*Id.* at 2.) In March 2026, Petitioner was detained by immigration authorities and is subject to mandatory detention without bond. (*Id.*, Doc. 2 at 11.)

The Court issued an Order to Show Cause directing Respondents to address whether Petitioner was properly detained and to "show cause why the Petition should not be granted." (Doc. 4.) In response to the OSC, Respondents maintain their position that despite entering the United States without inspection nearly two decades ago, Petitioner is nonetheless subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing. (Doc. 6 at 2-4.) Respondents do not otherwise attempt to justify Petitioner's detention or explain how he is justifiably detained without bond in these circumstances. Nor do Respondents explain their failure to timely respond to the Court's OSC.

The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Federal Det. Center*

*Miami*, ___ F. 4th ___, 2026 WL 1243395 (11th Cir. May 6, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, ___ F. 4th ___, 2026 WL 1123250 (7th Cir. May 5, 2026); *Cunha v. Freden*, ___ F. 4th ___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Further, because Respondents fail to provide any other justification for Petitioner's detention, the Court finds the argument waived. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

The Petition will therefore be granted, and Petitioner will be ordered released from custody immediately. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

DATED this 29th day of May, 2026.

Michael J. McShane
United States District Judge